# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH ANN WILBURN,<br><br>        Plaintiff,<br><br>v.<br><br>CHARLAN GRAY, et al.,<br><br>        Defendants. | Case No. 1:18-cv-01151-AWI-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND DISMISSING ACTION FOR FAILURE TO STATE A CLAIM<br><br>(ECF Nos. 1, 2)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Deborah Ann Wilburn ("Plaintiff"), proceeding pro se, filed this action on August 27, 2018, against Charlan Gray and Landia Gray (collectively "Defendants").

**I.**

**SCREENING REQUIREMENT**

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of in forma pauperis

1

proceedings which seek monetary relief from immune defendants); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss in forma pauperis complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming sua sponte dismissal for failure to state a claim). The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

### III.

### DISCUSSION

Plaintiff alleges that Defendants and other individuals have been harassing her.[1] (Compl.

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

4, ECF No. 1.) Plaintiff is seeking a subpoena. (Id.) Based on review of the documents attached to the complaint, Plaintiff has complained to the police that individuals are harassing her by following her and speaking on a horn all day long. (Comp. at 20-67.) Plaintiff has filed a request for a restraining order against Charlan Gray in Fresno Superior Court. (ECF No. 1 at 8.) Charlan Gray has been unable to be found to be served with the subpoena to attend the hearing. (Declaration of Diligence, Affidavit of Unsuccessful Service ECF No. 1 at 10, 11, 12, 13, 14.) By the instant action, Plaintiff is seeking a subpoena. (Compl. 6.)

Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to that granted by Congress. U.S. v. Sumner, 226 F.3d 1005, 1009 (9th Cir. 2000). In her complaint, Plaintiff brings this action on the basis of federal question jurisdiction. (Compl. 3.)

Pursuant to 28 U.S. C. § 1331, federal courts have original over "all civil actions arising under the Constitution, laws, or treaties of the United States. "A case 'arises under' federal law either where federal law creates the cause of action or where the vindication of a right under state law necessarily turns on some construction of federal law." Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088 (9th Cir. 2002) (internal punctuation omitted) (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983) (citations omitted)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Republican Party of Guam, 277 F.3d at 1089 (citations omitted)

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim under section 1983, a plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Long, 442 F.3d at 1185.

Plaintiff's complaint alleges that private individuals are harassing her. An individual acts

under color of state law under section 1983 where he has "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.' " West v. Atkins, 487 U.S. 42, 49 (1988) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)). This does not require that the defendant be an employee of the state, but he must be "a willful participant in joint action with the State or its agents. Private persons, jointly engaged with state officials in the challenged action, are acting see 'under color' of law for purposes of § 1983 actions." Dennis v. Sparks, 449 U.S. 24, 27–28 (1980).

Plaintiff's complaint is devoid of any allegations by which the Court can reasonably infer that the named defendants are acting under color of state law. Accordingly, Plaintiff fails to state a claim under section 1983. As Plaintiff has failed to state a claim under section 1983, federal question jurisdiction does not exist. Based on the allegations in the complaint and review of the documents attached to the complaint, the Court finds that it would be futile to provide Plaintiff with an opportunity to amend the complaint and recommends that this action be dismissed without leave to amend.

## IV.

## APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES

Along with her complaint, Plaintiff submitted an application to proceed without prepayment of fees. District courts "may authorize the commencement . . . of any suit, action or proceeding, civil or criminal . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possess that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). If a plaintiff proceeds through § 1915, a district court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B)(ii). For purposes of § 1915(e)(2)(B)(ii), the same standard for a Rule 12(b)(6) motion is utilized – the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015).

"A district court may deny leave to proceed in forma pauperis at the outset if it appears

from the face of the proposed complaint that the action is frivolous or without merit." Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998); Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987). However, the "denial of leave to proceed in forma pauperis is an abuse of discretion unless the district court first provides a plaintiff leave to amend the complaint or finds that amendment would be futile." Rodriguez v. Steck, 795 F.3d 1187, 1188 (9th Cir. 2015); see Tripati, 821 F.2d at 1370. If a court denies a motion to proceed in forma pauperis because the complaint is frivolous and cannot be cured by amendment, then the denial of the motion acts as a dismissal under 28 U.S.C. § 1915(e). Rodriguez, 795 F.3d at 1188.

As the Court finds that it would be futile to provide Plaintiff with an opportunity to amend the complaint, the Court recommends that Plaintiff's application to proceed in this action without prepayment of fees be denied.

## V.

## CONCLUSION AND RECOMMENDATION

Plaintiff has failed to state a cognizable claim for a violation of her federal rights. Plaintiff is alleging action by private individuals and there is no basis for federal jurisdiction over the claims that she is asserting in this action. Further, the Court finds that Plaintiff is unable to cure the deficiencies in her complaint and further amendment would be futile.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. This action be DISMISSED for failure to state a claim; and

2. Plaintiff's application to proceed without prepayment of fees be DENIED.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing

Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 30, 2018**

_____
UNITED STATES MAGISTRATE JUDGE